AUGUST ZIEGENER, RELATOR, v. GUSTAV BACH, COUNTY CLERK OF HUDSON COUNTY, DEFENDANT.

JENNIE C. SMITH, RELATOR, v. GUSTAV BACH, COUNTY CLERK OF HUDSON COUNTY, DEFENDANT.

Submitted January 18, 1938—Decided April 5, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the relators, *Harry Lane, Julius J. Seiden* and *Jacob L. Levey.*

For the defendant, *J. Emil Walscheid.*

The opinion of the court was delivered by

PERSKIE, J. Is a candidate, who ran second, entitled to a certificate of election pursuant to 1 *Rev. Stat.* 19:3-18 (paragraph 25, section 18, Election act of 1930), when the entire election was set aside on proceedings under 1 *Rev. Stat., supra,* 19:29-1a (paragraph 355, section 1, I, Election act of 1930)? We think not.

We have before us the record in the Ziegener case only, but we are told that the two causes are entirely similar, and the determination of one is to control the determination of the other. We therefore treat both cases as though each were properly before us.

Each relator, one a male, and the other a female, was a candidate for a party position on the Republican state committee from Hudson county at the primary election held on September 21st, 1937. The Hudson county board of canvassers determined and certified that each relator ran second, and certificates of election were issued to the respective opponents of each. Pursuant to 1 *Rev. Stat., supra,* 19:29-1a (paragraph 355, section 1, I Election laws supra), each relator instituted a proceeding in the Hudson County Circuit Court to set aside the election of his and her opponent because of alleged malconduct, fraud, or corruption in the election. The learned judge of that court, after hearings, filed conclusions upon which orders were signed stating that the elections of relators' opponents were "null and void." Later these orders were amended so as to provide "that the primary election held on September 21st, 1937, in the county of Hudson * * * is hereby set aside and for nothing holden."

After these amended orders were signed, a demand was made upon the county clerk of the county of Hudson to deliver certificates of election to relators. This demand was predicated upon 1 *Rev. Stat., supra,* 19:3-17, 18 (paragraph 24,

section 17, paragraph 25, section 18, *supra*) which provides as follows:

"19:3-17. If it shall be determined in the manner hereinafter provided, that the election of a person to a party office is null and void, no certificate of election shall be delivered to the candidate whose election shall have been so determined to be null and void.

"19:3-18. If such determination shall have been made after the delivery of the certificate of election to such candidate, the certificate shall be null and void, and whether such determination shall have been made before or after the delivery of a certificate of election, a certificate of election shall be delivered to the candidate having the next highest number of votes."

The county clerk refused to accede to this demand. Accordingly, on January 17th, 1938, relators made application to the chief justice for a rule to show cause why *mandamus* should not issue compelling the delivery to relators of certificates of their election. This application was denied with leave granted to counsel to renew it in this court. Hence the cause is before us.

We see no merit to the applications. Under our Election act, at the conclusion of hearings upon petitions filed contesting an election, the Circuit Court judge has one of several prerogatives. He may render judgment against the incumbent. If he does so, and if the incumbent has already received a certificate of election, the judgment so rendered will annul that certificate. 1 *Rev. Stat., supra,* 19:29-9 (paragraph 363, section 9, *supra*). In these circumstances, the candidate receiving the next highest number of votes is entitled to the certificate of election. 1 *Rev. Slat., supra,* 19:3-18 (paragraph 25, section 18, *supra*). Such a judgment, however, was not rendered in this case. Here the learned judge below did more than merely declare that the incumbent was "not entitled to a certificate of election." In addition thereto, as is his prerogative under 1 *Rev. Stat., supra,* 19:29-9 (paragraph 363, section 9, *supra*), he also included within the amended order a provision "that the primary election * * *

*is hereby set aside and for nothing holden."* (Underscoring supplied.) We pause long enough to point out that this amended order stands unchallenged, and that we are not to be understood as intimating any opinion thereon. It suffices to observe that the very fact of its existence demonstrates that the judge entering such an order must necessarily have found that "no person was duly elected * * *." 1 *Rev. Stat., supra,* 19:29-9 (paragraph 363, section 9, *supra*). And, if no person was duly elected, it follows that none is entitled to a certificate of election.

Accordingly the applications for alternative or peremptory writs of *mandamus* are denied. Costs, however, will not be allowed.